IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                             No. CR 12-1675 JB

ROBERT SHANE WILLIAMS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion in Limine, filed October 9, 2012 (Doc. 26)("MIL"). The Court held a hearing on October 31, 2012. The primary issue is whether the Court should exclude from evidence the written transcript of a video of the firearms transaction that took place between Defendant Robert Shane Williams and the undercover agent, which Williams anticipates Plaintiff United States of America will introduce at trial. Because the United States agreed, after it reviewed the Williams' MIL, that it will not submit the written transcript of the United States' video as an aid to the jury because it does have many unintelligible and inaudible parts, the Court will grant Williams' motion. The Court will, however, permit the United States to proffer into evidence the video of the transaction, which has audio.

## PROCEDURAL BACKGROUND

Williams is charged in a single-count Indictment with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2012). See Indictment, filed Sept. 10, 2012 (Doc. 2). The United States has provided Williams with a video of what appears to be a meeting between Williams and two other individuals involving a handgun. The United States also provided a written transcript of the recorded conversations in the video. See MIL ¶¶ 2-3, at 1.

The transcript contains a "purported quote by Williams in which he refers to a machine gun, but the audio does not," according to Williams, contain any such statement. MIL ¶ 4, at 1. Williams represents that he "will deny that he ever made such a statement or that such a statement would have any basis in reality." MIL ¶ 4, at 1. Additionally, Williams contends that "[m]any parts of the audio are difficult to understand, and the transcript is unreliable." MIL ¶ 4, at 1.

Before he filed his motion, Williams contacted Assistant United States Attorney, Louis Valencia, and the parties attempted to reach a stipulation; however, such discussions were not concluded at the time that Williams filed his motion, and Mr. Valencia was not available when he filed. See MIL at 2. Thus, Mr. Valencia's position was known at the time that Williams filed his motion. See MIL at 2. He expected that the United States would oppose his motion. Williams contends that because of the "erroneous transcript" purporting to describe a statement by him about a machine gun, "as well as other unreliable transcription," the transcript is prejudicial to him and the Court should allow the jury to make its own determination about what is recorded in the video. MIL ¶ 5, at 1. Williams requests that the Court exclude from evidence at trial the written transcript of the United States' video evidence. See MIL at 2. On October 11, 2012, the United States filed its Response to Defendant's Motion in Limine (Doc. 26). See Doc. 37("Response"). The United States represents that it will not submit the written transcript of the United States' video as an aid to the jury. See Response at 1. The United States intends, however, to proffer into evidence the video of the transaction. See Response at 1.

**LAW REGARDING TRANSCRIPTS**

The decision to admit sound recordings into evidence rests with the trial court. See United States v. Watson, 594 F.2d 1330, 1335 (10th Cir. 1979). Transcripts may be admitted to assist the trier of fact. See United States v. Gomez, 67 F.3d 1515, 1526 (10th Cir. 1995). "Where a tape

recording is objected to as unintelligible, its admissibility is within the sound discretion of the trial judge." United States v. Watson, 594 F.2d at 1335.

## ANALYSIS

Williams seeks to have the Court exclude from evidence the transcript. The United States agrees to this request. Accordingly, the Court will grant Williams' motion.

**IT IS ORDERED** that the Defendant's Motion in Limine, filed October 9, 2012 (Doc. 26), is granted. Plaintiff United States of America is permitted to offer the video.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Louis E. Valencia
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gregory M. Acton
Albuquerque, New Mexico

    *Attorney for the Defendant*