IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                    No. CR 12-1675 JB

ROBERT SHANE WILLIAMS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Second Motion in Limine, filed October 9, 2012 (Doc. 27)("2nd MIL").  The Court held a hearing on October 31, 2012.  The primary issue is whether the Court should exclude evidence of Defendant Robert Shane Williams' prior felony convictions as irrelevant and prejudicial.  The Court will grant Williams' 2nd MIL, and will only allow Plaintiff United States of America to introduce evidence of one of Williams' prior felony convictions by stipulation, and if Williams takes the stand, to impeach him under rule 609 of the Federal Rules of Evidence.

## PROCEDURAL BACKGROUND

Williams is charged in a single-count Indictment with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2012). See Indictment, filed Sept. 10, 2012 (Doc. 2).  Williams moves the Court to "exclude from evidence the nature and substance of his prior felony convictions . . . and . . . evidence . . . of previous felony convictions beyond that of a single conviction."  2nd MIL at 1.

Williams acknowledges that whether he was previously convicted of a felony is an essential element of the offense. See 2nd MIL ¶ 2, at 1 (citing United States v. Taylor, 113 F.3d 1136, 1144

(10th Cir. 1997)). Williams argues that, because "only a single felony conviction is required to establish guilt, evidence of additional prior felony convictions is irrelevant and prejudicial." 2nd MIL ¶ 2, at 1. Williams also argues that, under the precedent of the United States Court of Appeals for the Tenth Circuit, "the nature of the predicate crime in a felon in possession case is irrelevant and prejudicial." 2nd MIL ¶ 3, at 1 (quoting United States v. Wacker, 72 F.3d 1453, 1472 (10th Cir. 1995)).

Plaintiff United States of America responded to Williams' 2nd MIL on October 11, 2012. See Response to Defendant's Second Motion in Limine, filed Oct. 11, 2012 (Doc. 27)("Response"). The United States asserts that Williams "rebuffed" the United States' request for a stipulation that "he had a prior felony conviction." Response at 1. The United States asserts that it will only solicit information through testimony and documentary evidence that Williams was a convicted felon before June 8, 2011, "when he sold a firearm to the undercover agent." Response at 1. The United States asserts that it will not "solicit evidence as to the nature of substance of his felony convictions" in its case-in-chief. Response at 1. The United States also asserts, however, that if Williams takes the stand, his credibility may be impeached under rule 609. See Response at 1.

The Court held a hearing on October 31, 2012. See Transcript of Hearing, taken Oct., 31, 2012 ("Tr.").[1] At the hearing, Williams informed the Court that he has agreed "to stipulate to the fact that he had a conviction as a felony conviction." Tr. at 15:2-5 (Acton). The Court directed counsel to prepare a stipulation to that effect, signed by both counsel. See Tr. at 15:6-9 (Court). The United States asserted that it will impeach Williams if he takes the stand, pursuant to rule 608, and Williams understood that his impeachment was possible. See Tr. at 15:10-16 (Valencia, Court,

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Acton).[2]

**IT IS ORDERED** that the Defendant's Second Motion in Limine, filed October 9, 2012 (Doc. 27), is granted.  In anticipation of the parties' stipulation that Defendant Robert Shane Williams has been previously convicted of a felony, the Court will order Plaintiff United States of America not to introduce evidence of Williams' prior convictions, except to impeach him if he testifies consistent with rule 609 of the Federal Rules of Evidence, or in the cross-examination of a character witness under rules 405 and 608.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
    United States Attorney
Louis E. Valencia
    Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

_____

[2]Normally, the prosecution "with its burden of persuasion needs evidentiary depth to tell a continuous story," but this rationale is not applicable where the evidence put forward by the prosecution are the underlying facts of a defendant's prior conviction, and the instant offense is for felon in possession. Old Chief v. U.S., 519 U.S. 172, 185-97 (1997).  In such an action, "[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions." 519 U.S. at 191.  The Court has previously ruled that, under the Supreme Court of the United States decision in Old Chief v. United States, the underlying facts of a defendant's prior conviction should be excluded, even if relevant to the offense.  See United States v. Ashley, CR No. 04-2497 JB, 2006 WL 4109679, at *3 (D.N.M. 2009)(Browning, J.)("Even if relevant under rule 404(b), given the nature of the crime with which he is charged here and the similarity to these prior crimes, the danger of unfair prejudice outweighs the probative value of specifically identifying the prior crimes."). See also United States v. Wacker, 72 F.3d at 1472 ("Whereas the fact of a defendant's prior felony conviction is material to a felon in possession charge, the nature and underlying circumstances of a defendant's conviction are not.").

Gregory M. Acton
Albuquerque, New Mexico

*Attorney for the Defendant*